**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SETH EUGENE LAIZURE,

    Plaintiff-Appellee,

 v.

WASHINGTON COUNTY, By and
Through Washington County Sheriff's
Office; PHONG TRAN,

    Defendants-Appellants.

No. 19-36078

D.C. No. 3:17-cv-01254-SB

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted February 2, 2021**
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

 Phong Tran, a deputy in the Washington County Sheriff's Office, arrested

Seth Laizure for telephonic harassment. The parties are familiar with the facts, so

we discuss them below only as relevant. After a state court judge granted

---

 \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Laizure's motion for judgment of acquittal on the telephonic harassment charge, Laizure brought claims against Tran and Washington County under 42 U.S.C. § 1983 and under Oregon law. The district court denied qualified immunity to Tran on Laizure's § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the denial of qualified immunity.

"We review de novo a district court's decision on qualified immunity." *Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020). There are two prongs to the qualified immunity inquiry: whether "(1) [the official] violated a federal statutory or constitutional right, and (2) the unlawfulness of [his] conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). In this context, the court asks "(1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam).

An officer has probable cause to make a warrantless arrest when the facts support a substantial chance that the suspect has committed a crime. *Wesby*, 138 S. Ct. at 586. Kena Taylor contacted the Sheriff's Office, which dispatched Tran. Taylor reported to Tran that she had been receiving unwanted and harassing phone

2

calls and text messages from Laizure, and she requested that the Sheriff's Office inform Laizure that he may not call or text her. Tran twice called and spoke with Laizure on the phone to communicate Taylor's message. Tran then called Taylor. While Tran and Taylor were on the phone, Laizure called Taylor. Tran then arrested Laizure for telephonic harassment under Oregon law. The statute provides: "A telephone caller commits the crime of telephonic harassment if the caller intentionally harasses or annoys another person" "[b]y causing such other person's telephone to ring, knowing that the caller has been forbidden from so doing by a person exercising lawful authority over the receiving telephone." Or. Rev. Stat. § 166.090(1)(b).

Tran knew that Taylor was receiving phone calls and text messages that she found harassing and wanted to stop. Immediately after Tran conveyed that message to Laizure, Laizure once again engaged in the unwanted behavior. The evidence available to Tran permitted him to infer that Laizure intended to harass or annoy Taylor. *See Oregon v. Koenig*, 242 P.3d 649, 653 (Or. Ct. App. 2010) (concluding that a trier of fact could have found beyond a reasonable doubt that the intent element was met, because of the frequency and length of calls after being forbidden from calling, among other considerations). Indeed, Tran was prosecuted for telephonic harassment.

We reject Laizure's argument that there was not probable cause to believe

3

that he knew he had been forbidden from calling Taylor's phone "by a person exercising lawful authority over the receiving telephone." Or. Rev. Stat. § 166.090(1)(b). Taylor had legal authority over her own phone, and *she* forbid Laizure from calling her. Taylor simply sought Tran's assistance in conveying that restriction.

Alternatively, qualified immunity shields Tran because Laizure has not shown that the law was clearly established. "Except in the rare case of an 'obvious' instance of constitutional misconduct . . . [Laizure] must '*identify a case* where an officer acting under similar circumstances as [Tran] was held to have violated the Fourth Amendment.'" *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam)). Laizure offers only cases in which officers acted in entirely distinct circumstances. Effectively, Laizure asks this court to conclude that this case presents an obvious instance of constitutional misconduct, which it does not.

Tran is entitled to qualified immunity on Laizure's § 1983 claims.

**REVERSED.**